UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
HORATIO FORREST,

          Plaintiff,

          – against –

NASSAU COUNTY CORRECTIONAL CENTER,
THE COUNTY OF NASSAU, AND SHERIFF
MICHAEL SPOSATO,

          Defendants.
----------------------------------X

ORDER
14-CV-6979 (JFB) (AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 25 2016 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

      On November 20, 2014, plaintiff filed a complaint in this action, proceeding *pro se* and asserting claims against defendants, the County of Nassau, Nassau County Correctional Center ("NCCC"), and Sheriff Michael Sposato, (collectively, "defendants"). Plaintiff filed an amended complaint on April 9, 2015, asserting claims against the same defendants. Plaintiff alleges that defendants violated his constitutional rights by subjecting him to unconstitutional conditions of confinement and by acting with deliberate indifference to his serious medical needs. On June 1, 2015, defendants filed a motion to dismiss, and on July 28, 2015, the Court referred the motion to dismiss to Magistrate Judge Tomlinson for a Report and Recommendation ("R&R"). On February 2, 2016, Magistrate Judge Tomlinson issued a memorandum recommending that the motion to dismiss be granted in part and denied in part. Specifically, Magistrate Judge Tomlinson recommended that defendants' motion be denied "insofar as it seeks dismissal based on Plaintiff's failure to exhaust administrative remedies with respect to his conditions of confinement claim," but otherwise, be granted. (*See* R&R, ECF No. 45, at 48.) Magistrate Judge

Tomlinson recommended that plaintiff's Amended Complaint be dismissed "without prejudice and with leave to amend, with the exception of Plaintiff's claims against NCCC." (*Id.*) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of receipt of the R&R. (*See id.*) The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R.

Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough R&R in its entirety.

IT IS ORDERED that the motion to dismiss is granted and that plaintiff's complaint is dismissed in its entirety with leave to replead to correct the pleading deficiencies identified in

Magistrate Judge Tomlinson's R&R. However, because the NCCC is not a suitable defendant, the claims against the NCCC are dismissed with prejudice and without leave to replead. If plaintiff intends to pursue his claims, he may file an amended complaint stating claims against all defendants other than the NCCC within thirty (30) days of this Order. Plaintiff is warned that if he fails to file an amended complaint within thirty days, the Court may dismiss this case with prejudice, without further notice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED

Dated: February 23, 2015
Central Islip, New York

JOSEPH F. BIANCO
United States District Judge